PER CURIAM:
On August 7, 1991, the claimant was traveling west on his 1983 Honda CB1000F motorcycle on Route 40, also known as National Road, in Wheeling, Ohio County. As he passed the Edgington Lane and Route 40 intersection in the passing lane, his claimant was able to maintain control of the motorcycle, but it was damaged as it struck the hole. An estimate was provided by the claimant for repair and replacement of the front fork assemblies and the front brakes in the amount of $1,063.86. An accident report was filed with the Wheeling Police Department. The claimant did not have collision or comprehensive insurance.
The claimant testified that the hole in the road surface was five inches deep, five to six feet wide, and three to four feet in length. He more precisely described the hole as a dip where water or respondent’s activities causes the ground and the asphalt to sink. The claimant was not aware of the existence of the road defect and there were no warning signs or barricades to alert motorists of the defect.
The respondent denied negligence in this matter. However, the respondent’s witness, Joseph Louis Reed, the Ohio County Superintendent for road maintenance, testified that his office had prior notice of the road surface defect. Mr. Reed informed the Court that the dip in the road was the result of the City of Wheeling cutting a sewer line across the road, thereby causing a sinking area of two-and-a-half to three inches in the road surface. Mr. Reed further testified that he had personally observed the dip after receiving a complaint from the owner of the Marathon gas station. The Marathon station is located beside the defect in the road. The complaint was made prior to the accident, as was Mr. Reed’s inspection.
The Assistant County Superintendent for Ohio County, Thomas Arlow Sims, similarly testified that he too had observed the dip in the road on or about August 5, 1991, some two days prior to claimant’s accident on August 7, 1991. Repairs were not attempted until August *84 10, 1991, at which time the dip was described as having become much deeper.
In view of the foregoing, the Court makes the following findings of fact and conclusions of law. There existed a hazard to the traveling public upon the road surface, more specifically described and situated in the are of 1123 National Road, Wheeling, Ohio County. The hazard was an unprotected and exposed sinking area in the road of a depth of three to five inches. Respondent had both constructive and actual knowledge of this hazard prior to the accident. Respondent had adequate time to attempt temporary repairs and/or to warn motorists of the hazard, and, having failed timely to take corrective action, respondent is negligent. This negligence caused the claimant’s described damages.
Accordingly, the Court makes an award to the claimant in the amount of $ 1,063.86.
Award of $1,063.86.